Haynes, J.
This action is brought to enjoin the collection of certain assessments that have been made upon the ground, in brief, that they are contrary to the rules laid down by the Supreme Court in the Haviland case.
It appears from the testimony that the city ordered Scott-wood avenue to be improved from Bancroft street to a certain point, and form that point through to Monroe street *203 ■with an asphaltum pavement, about thirty feet in width. A map of all the property has not been placed before us, and we only have a small plat of the lot at the corner of Monroe street and Scottwood avenue, which is the property in controversy. It appears from that that the plaintiff, Maria Calkins, has possession of a certain lot, No. 24, of some addition, which is at the intersection of Monroe street and Scottwood avenue, 224 feet ten inches, and has a depth at right angles with Scottwood avenue of 150 feet, but owing to the direction of Monroe street, the actual frontage on Monroe street by the angling course is 169.14 feet. The ■contention of plaintiff is that she should be assessed upon Scottwood avenue only for 10 feet, as representing the actual frontage of the lot on Monroe street. The council assessed the property by the side length, to-wit: 224 feet.
It would have been a little easier to have decided the case, perhaps, if we had had a plat of the entire district, because the distance from Monroe street to Bancroft street is considerable, and there must have been a great many lots laid out, and some intervening streets. We have, amid doubts and uncertainties, endeavored to carry out what we considered the true spirit of the Haviland case, and'we have come to the conclusion that the assessment should be for 150 feet on Scottwood avenue, being the depth of the lot, assuming it to be a parallelogram.
In the Haviland case, the court, in arriving at its conclusion, says:
“It may be said that this is assessing according to a fiction. Admit this to be true,and, still it must be remembered that equity many times resides in fictions, and that they have been frequently resorted to for the purpose of working out justice against the hard lines of the law. -But, at any rate, the city cannot be heard to complain; for if we were to apply the strict letter of the statute to the mode of assessing adopted in this case, by the foot front, it might well be *204 questioned whether it could assess a dollar on a lot that does not in fact front, although it may abut, on the proposed improvement. ”
The essence of that is, as I understand it, to make this assessment in such a manner as will work out and adjust the assessment upon equitable principles. If Woodruff avenue were extended through, as was suggested by counsel, the frontage of this same lot upon that would be only 10 feet, because Scottwood avenue and Woodruff avenue lie at right angles. It may be assumed, I think, that there is a large number of lots between Monroe and Bancroft streets,and that there are lots lying upon Scottwood avenue and upon other streets — that is, at the intresection of other streets — lying at right angles. Certainly it will be unjust to assess this lot at the corner of Monroe street and Scottwood avenue for 169 feet simply because Monroe street happens to lie angling in its course,whereas the streets that are between that point and Bancroft street are lying at right angles with Scottwood avenue, which would bring the depth of the lots upon those streets of the same size 150 feet. The mere circumstance that Monroe street runs at an angle would cast a greater burden upon the plaintiff than she ought to bear, as compared with the amount of the assessment that would be paid by other parties.
It does not follow that because of the making of this assessment for Scottwood avenue, that ¿n assessment upon Monroe street would not be made in accordance with the actual frontage on that angle, which would be a frontage of 169 feet. So I can conceive of where a street might start at an angle and turn so as to go at right angles, making a different assessment necessary.
We have been cited to a decision in Cincinnati, which seems to amount to this: that there is a great deal of confusion in regard to the manner of making assessments. That decision leaves the matter in such a shape that it is *205 not of very great matter or force in deciding a question of this kind.
Brotan, Geddes & Tyler, for the plaintiff.
G. F. Watts, for defendant.
We can very easily see that if this angle were greater than it is, it might work a very much greater hardship. If it were an angle of such a degree that it came back half or two-thirds of the way, the assessments would be nearly as great as if it were assessed by the front on Scottwood avenue. Therefore, while we have doubts and uncertainties in regard to this matter, we are inclined to view the equities of the case, and to hold that the amount of the assessment on this lot 124 should be limited on Scottwood avenue to the extent of 150 feet, and no more.